1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   SHAUN ROONEY, an individual,      No.  2:20-cv-00671-JAM-FEB
     on behalf of himself and all
12   other similarly situated,

13              Plaintiff,             **ORDER GRANTING MOTION TO REMAND**

14        v.

15   SAVE MART SUPERMARKETS; DOES
     1-20, inclusive,
16
                Defendant.
17

18
          On February 6, 2020, Shaun Rooney's ("Plaintiff") filed a
19
     proposed wage and hour class action complaint in Sacramento
20
     Superior Court against his former employer, Save Mart
21
     Supermarkets ("Defendant").  Not. of Removal, ECF No. 1, Exh. A.
22
     Defendant then filed a notice of removal, invoking the Court's
23
     federal jurisdiction under 28 U.S.C. §§ 1331,1441 and 1446.  Id.
24
     at 2.
25
          Before the Court is Plaintiff's motion to remand. Plaintiff
26
     contends that this Court lacks jurisdiction because his claims
27
     arise only under state law.  Mot., ECF No. 8.  Defendant opposes
28

                                    1

1  this motion.  For the reasons described below, the Court GRANTS

2  Plaintiff's motion to remand.[1]

3

4         I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

5      Plaintiff worked at Save Mart Supermarkets as an Order

6  Selector for about seven and a half years.  Not. of Removal, Exh.

7  A, Compl.  Plaintiff asserts six causes of action under state law

8  against Defendant for: (1) failure to provide wage statements,

9  (2) failure to pay overtime wages, (3) failure to keep requisite

10  payroll records, (4) waiting time penalties, (5) violating

11  California Unfair Competition Law, and (6) derivative California

12  Private Attorneys General Act ("PAGA") claims based on the first

13  four causes of action.  Mot. at 7.

14      On March 30, 2020, Defendant removed Plaintiff's suit to

15  this Court.  See Not. of Removal.  Although all of Plaintiff's

16  claims arise under state law, Defendant removed on the grounds

17  that Plaintiff's overtime claim is preempted by Section 301 of

18  the Labor Management Relations Act ("LMRA").

19

20                      II.   OPINION

21      A.   Legal Standard

22      Courts must strictly construe the removal statute against

23  removal jurisdiction.  Gaus v. Miles, Inc., 980 F.2d 564, 566

24  (9th Cir. 1992).  Generally, "any civil action brought in a

25  State court of which the district courts of the United States

26

27  [1] This motion was determined to be suitable for decision without
   oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
28  scheduled for June 2, 2020.

have original jurisdiction, may be removed by the defendant."
28 U.S.C. § 1441.

Courts have original jurisdiction—or federal question
jurisdiction—of all civil actions arising under the
Constitution, laws, or treaties of the United States.  28 U.S.C.
§ 1331.  A plaintiff's well-pleaded complaint must establish
"either that federal law creates the cause of action or that the
plaintiff's right to relief necessarily depends on a resolution
of a substantial question of federal law."  Easton v. Crossland
Mortg. Corp., 114 F.3d 979, 982 (9th Cir. 1997)(internal
citations omitted).  In other words, "it must be clear from the
face of the plaintiff's well-pleaded complaint that there is a
federal question."  Id. (internal citations omitted).  "[A]
civil complaint raising claims preempted by Section 301 [of the
LMRA] raises a federal question that can be removed to a federal
court."  Curtis v. Irwin Industries, Inc., 913 F.3d 1146, 1152
(9th Cir. 2019).

In determining whether removal is proper, "it is to be
presumed that a cause of action lies outside [the] limited
jurisdiction [of federal courts] and the burden of establishing
the contrary rests upon the party asserting jurisdiction."
Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir.
2009)(internal citations omitted).

B.   Analysis

Defendant argues the Court has federal jurisdiction over
Plaintiff's suit because his claim for overtime pay is preempted
by section 301 of the LMRA since he worked pursuant to a
collective bargaining agreement ("CBA").  Not. of Removal ¶ 4.

1  Plaintiff, on the other hand, argues removal is not proper

2  because the CBA at issue does not meet the requirements for

3  preemption.  Mot. at 6.

4      Section 301 provides federal jurisdiction over "suits for

5  violation of contracts between an employer and a labor

6  organization."  Burnside v. Kiewit Pacific Corp., 491 F.3d

7  1053, 1058-59 (9th Cir. 2007).  Congress enacted this statute to

8  mandate federal courts "to fashion a body of federal common law

9  to be used to address disputes arising out of labor contracts."

10 Id.  The preemptive force of this section entirely displaces any

11 state cause of action for violation of a labor contract and

12 transforms it into a claim that shall be considered as arising

13 under federal law.  Id.  But not every dispute concerning a

14 labor contract or "tangentially involving a provision of a

15 [CBA]," is preempted by Section 301.  Sarmiento v. Sealy, Inc.,

16 No. 18-cv-01990-JST, 2019 WL 3059932 (N.D. Cal. July 12, 2019).

17     Courts use a two-part test to determine whether Section 301

18 preemption is proper.  Burnside, 491 F.3d at 1059-60.  First,

19 courts must determine whether the cause of action is grounded in

20 state law or in a CBA.  Id. at 1060.  If the claim seeks to

21 "purely vindicate a right or duty created by the CBA itself,"

22 then the claim is preempted, and the inquiry ends there.

23 Curtis, 913 F.3d at 1152-53.  Otherwise, the Court proceeds to

24 the second step and asks whether the state law claim is

25 "substantially dependent on [the] analysis of the CBA."  Id. at

26 1153.  If the claim requires "interpreting" the CBA, rather than

27 simply "looking to" it, the state law claim is preempted.  Id.

28 ///

4

1          1. <u>Step 1: Whether the Right Exists Solely as a Result</u>

2             <u>of the CBA</u>

3          To determine if a right is independent of a CBA, the Court

4    must consider whether the "legal character of a claim" is

5    "independent of rights under the [CBA]." <u>Burnside</u>, 491 F.3d at

6    1060.  Moreover, "reliance on the CBA as an aspect of a defense

7    is not enough to inject a federal question into an action that

8    asserts what is plainly a state-law claim." <u>Id.</u> (internal

9    quotations omitted).

10         At issue is Plaintiff's second cause of action for failure

11   to pay overtime wages under California Labor Code Section 510.

12   Not. of Removal ¶ 5.  Plaintiff asserts that Defendant did not

13   pay him, and similarly situated employees, overtime wages owed

14   under Section 510 for "regularly work[ing] in excess of (8)

15   hours a day/and or forty (40) hours per week."  Not. of Removal,

16   Exh. A, ECF No. 1-1, Compl. ¶ 33.

17         But the overtime requirements in Section 510 do not apply

18   to an employee working "[a]n alternative workweek schedule

19   adopted pursuant a [CBA]."  Cal. Lab. Code § 510(a)(2).  To be

20   exempted from Section 510, the CBA must expressly provide for

21   "the wages, hours of work, and working conditions of the

22   employees," and must provide "premium wage rates for all

23   overtime hours worked and a regular hourly rate of pay for those

24   employees of not less than 30 percent more than the state

25   minimum wage." <u>Id.</u> at § 514.  Thus, if the CBA at issue meets

26   the requirements of Section 514, Plaintiff's claim will be

27   preempted. <u>Curtis</u>, 913 F.3d at 1154.

28         Plaintiff argues the CBA does not meet the requirements of

1    Section 514 because it fails to "provide a rate of pay of not

2    less than 30 percent more than the state minimum wage for <u>all</u>

3    employees covered under the CBA."  Mot. at 10 (emphasis added).

4    Defendant does not dispute this but argues instead that Section

5    514 "<u>does not</u> require [that] <u>all</u> putative class members" earn

6    more than 30% of the state minimum wage.  Opp'n at 7.  In other

7    words, Defendant maintains it is enough that Plaintiff's rate of

8    pay complies with this requirement.  <u>Id.</u> at 8.

9        To resolve this dispute, the Court must interpret Section

10   514. Plaintiff cites two cases that have analyzed this same

11   question.  <u>See</u> Mot. at 12-13.  The Court finds both to be

12   persuasive.

13       In <u>Huffman v. Pac. Gateway Concessions LLC</u>, the CBA in

14   question also did not meet the rate of pay requirement with

15   respect to all employees but did meet the requirement with

16   respect to the plaintiff.  No.19-cv-01791-PJH, 2019 WL 2563133,

17   at *5 (N.D. Cal. June 21, 2019).  In interpreting the statute,

18   the court first noted the use of the singular term "<u>an</u>

19   <u>employee</u>," when Section 514 states a covered employee is exempt

20   from Section 510.  <u>Id.</u>  Next, the statute states the CBA must

21   "expressly provide[] for the wages, hours of work, and working

22   conditions of <u>the employees</u>[.]"  <u>Id.</u>  Contrasting "an employee"

23   with "the employees," the court found this part of the statute

24   requires the CBA to provide the expressed requirements as to

25   "all employees covered by the CBA."  <u>Id.</u>  Third, the court noted

26   the statute's requirement that the CBA provide premium overtime

27   rates and minimum wages exceeding no less than 30% of the state

28   minimum wage "<u>for those employees</u>."  <u>Id.</u>  The court found the

1   "plural term 'those employees' refers back to the statute's

2   earlier use of 'the employees' which, as discussed above, means

3   all employees covered by the CBA."  Id.  Accordingly, the court

4   held "it was apparent from the statute's plain language that the

5   CBA must satisfy Section 514's requirements with respect to all

6   covered employees in order to render Section 510 inapplicable to

7   any particular employee."  Id. at 6.  Because the CBA at issue

8   failed to provide an hourly rate of 130% the state minimum wage

9   for at least some employees, "plaintiff's asserted cause of

10  action involved a right conferred upon an employee by virtue of

11  state law."  Id.

12      In Sarmiento, the court grappled with the same issue.  2019

13  WL 3059932, at *7.  Relying on the reading of the statute's

14  plain language in Huffman, the Court also found Section 514 must

15  apply to all employees covered under the CBA for the claim to be

16  preempted.  Id. at *9.  Here too, the Court adopts the reading

17  of the statute's plain language in Huffman, to find that the CBA

18  does not meet Section 514's requirements because it does not

19  meet the requirements with respect to all employees.

20      The Court does not find the authority Defendant relies on

21  to be persuasive, because those cases did not involve the same

22  issue and did not interpret the statute as to this specific

23  inquiry.  Reply at 6; see e.g., Curtis, 913 F.3d at 1153-54

24  ("[Plaintiff] does not dispute that both CBA's expressly provide

25  [] the [expressed requirements] of Section 514.").  Accordingly,

26  the Court finds "[P]laintiff's asserted cause of action involves

27  a right conferred upon an employee by virtue of state law, not

28  by a CBA."  Huffman, 2019 WL 2563133, at *6.

7

1          2. Step 2: Whether The State Law Right is Substantially

2              Dependent on the CBA

3          The Court must next consider whether Plaintiff's cause of

4    action is nevertheless "substantially dependent on analysis of

5    [the CBA]." Burnside, 491 F.3d at 1059-60.  If the claim can be

6    resolved by only "looking to" the CBA, then the claim is not

7    preempted. Id.

8          Defendant argues Plaintiff's overtime claim is preempted

9    because it is "substantially dependent" on the CBA.  Opp'n at

10   10.  Yet Defendant only argues that the claim requires the Court

11   to look to the CBA to determine if it meets Section 514

12   requirements and to determine "what is the proper rate of pay

13   for [] hours worked."  Opp'n at 13.  But the Ninth Circuit made

14   clear in Burnside that looking to the CBA "merely to discern

15   that none of its terms is reasonably in dispute," or to

16   "comput[e] [a] penalty," "is [not] enough to warrant

17   preemption."  491 F.3d at 1060.  Moreover, Defendant already

18   admitted that the wage structure in this CBA does not meet the

19   state minimum wage pay rate requirement.  Opp'n at 7-10.  Thus,

20   the resolution of Plaintiff's claim does not require more than

21   just a mere reference to the CBA.  Plaintiffs claims are

22   therefore not preempted, because the overtime claim is not

23   substantially dependent on analysis of the CBA.

24          3. Supplemental Jurisdiction

25         Because Plaintiff's second cause of action is not preempted

26   by Section 301, the court lacks subject matter jurisdiction over

27   this claim.  See Burnside, 491 F.3d at 1060.  The Court

28   therefore does not have supplemental jurisdiction over

1   Plaintiff's other causes of action.

2

3                              III.   ORDER

4        For the reasons set forth above, the Court GRANTS

5   Plaintiff's Motion to Remand this case to the Sacramento County

6   Superior Court.

7        IT IS SO ORDERED.

8   Dated: July 7, 2020

9

10                                  JOHN A. MENDEZ,
                                    UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28